Smith, Ms. Clayton May it please the court My name is Allison Clayton and I represent the appellant Shannon Smith When my little girl Abigail was five years old I left her with a babysitter one Christmas Eve so that I could go do some last-minute Christmas shopping Now every Christmas season is busy and this one was no different from the rest And the chaos of the season some of the household chores had become neglected One of those chores was changing the water of the fish tank. We had a betta fish a $3 fish We had gotten years before his name was the violet now Abigail saw the need and she wanted to help her mommy and daddy So she decided that she would change the fish's water Now the thing about betta fish at least is that in order to make the water Habitable for them you have to add a couple of drops of chemical to the water It's just plain tap water will kill them, but Abigail didn't know this So while she did an excellent job of cleaning out the fish tank and all the little accessories that go inside She didn't add the chemical to the water as soon as she put violet in the water. He died Now I came home to a five-year-old little girl who was beyond distraught You see she felt guilt for what she had done to violet, but the timing could not have been any worse Remember, this was Christmas Eve and she was five years old Santa Claus was already on his way to our house a fact that she knew Because she had been watching him on the Santa tracker since 530 that morning Abigail was convinced that she had just gotten a spot on the naughty list Now I sat Abigail down and I asked her Did you mean to do that to violet? Through sobs she wailed out no, and then I said If you didn't mean to do it, then why would Santa punish you for it? and my little girl looked up at me with chubby tear-stained cheeks and puffy eyes and She understood Punishment is reserved only for those who intentionally do something wrong it is a concept so basic so intuitive that we teach it to our children and They understand it Shannon Smith will spend an additional five years in federal prison because a jury found him guilty of violating a statute that prohibits possession of a firearm in furtherance of a crime of violence The problem in this case is that the government because of a flawed jury instruction Did not have to prove that Mr. Smith intended to use that firearm to further his crime in short Mr. Smith is being punished regardless of his intent and that is the reason that we are here today when I think about This case I think about it in three broad categories first the flawed jury instruction Second the mens rea required by the possession statute and third the sufficiency of the evidence Supporting the verdict. Let's first look at the flawed jury instruction now the provision implicated By this case is 18 USC section 924 c1 a And what mr. Smith did was he called a man and he wrote him some letters and the attempt to Threaten him out of money. He was threatening in the attempt of extorting Now during this time, he never once made reference to a firearm He never insinuated that anyone would be shot. There was no reference to any kind of gun  In fact the first time firearms even came into the picture was whenever mr Smith was at the drop site with his teenage son and he was on the ground with police above him and mr Smith is the one who said I have a firearm. It's on my hip There are two rifles that we've been using for hunting tonight. They're in the car Mr. Smith possessed that firearm legally. He had a license to possess that firearm. You're not questioning the pattern instruction, right? You're only questioning the additional sentence. That is correct. The pattern structure that this court has created is I think perfect the it almost Identically mimics what the statute says that statute requires. It doesn't have an elevated Center standard the pattern I Don't believe it does by Rick, but your but your argument is there has to be an elevated C enter standard, right? I think the elevated center standard is in the statute itself and that jury instruction the pattern jury instruction models that statute So it does have the elevated standard the statute itself does not that doesn't I? think that the statute within itself has an Elevated standard the pattern jury instruction is based off of that statute So yes, I don't think that the pattern jury instruction requires a C enter any greater than what the statute imposes But I think the statute itself does require a specific intent That you think the statute does but the our current pattern doesn't require specific intent. I Think that no is the short answer. It doesn't The statute requires a specific intent the pattern jury instruction mimics that statute So in as much as that is concerned, yes, it does require a specific intent But if you're asking whether the pattern jury instruction requires a specific intent greater than what the statute requires No, I think that they're the same and they both require I guess I'm asking what in our pattern instruction informs the jury They have to find that the defendant intended the gun to further the crime what in the pattern instruction Tells the jury they have to find that The language itself you must find that the defendant possessed the gun intended to possess the gun in furtherance of his crime And I like that pattern jury instruction. I think it's great I just wish the district court would have agreed because the district court whenever it instructed the jury if you look at pages 522 and 221 of the record on appeal you will see that the trial court told the jury the exact opposite The jury instruction that the trial court gave said quote it is not necessary to prove that the defendant Intended to possess the firearms in furtherance of the crime charged in count one and That's the biggest problem in this case. The statute says one thing The pattern jury instructions say one thing and the court said the opposite and the court said that on the only matter That really mattered at trial and that is why it was. Mr. Smith possessed the guns in the first place This court's analysis can begin and end on those jury Instructions, but if it continues in its analysis the next point that it would look at is what is the intent required? By the possession statute now, this court has never ruled on that issue however, the seventh court in Castillo The eighth at the Eighth Circuit and Kent and the First Circuit and Delgado all of which are cited in my brief have all held That this statute requires specific intent that is specific Non-theoretical evidence linking this defendant to this firearm to facilitate to further this crime now the government in its response contends that in furtherance of is simply a nexus and that the circuit should Remove in furtherance of from intent and to that I have two responses The first is I don't think that's accurate. And the second is even if it is it doesn't change the result in this case The reason why I vacillate and saying I don't think it is accurate To say that the nexus requirement can be separated from the intent requirement is because I can't find that reasoning Anywhere in any statute in any case. I Simply cannot find it I've done hours and hours of research and I can't find that kind of analysis where you separate a nexus requirement from an intent Requirement and I think the reason for that is because if there are inseparable they are virtually the same thing It's not a sophisticated example, but in my mind I think of it as peanuts and peanut butter You can put the peanuts in the peanut butter You can't separate the peanuts from the peanut butter and it still be the same and yet peanuts on their own That's just not peanut butter in Possession has to be in furtherance of that crime You cannot separate out the two but don't take my reasoning my word for it on this reasoning The United States Supreme Court has employed similar reasoning in a nexus and intent type situation And the Eighth Circuit has employed has implied Lee employed this kind of reasoning in United States versus Kent Let's look at the Supreme Court case. It's United States versus Aguilar besides 515 us 593 at 599 it's 1995 case out of the Supreme Court and in that case the court was dealing with the statute that prohibit I'm still confused because looking again at the Fifth Circuit pattern instruction I don't see that it requires intent to further the Commission of the crime. It's a knowing possession of a firearm in furtherance The government must prove the defendant possessed the firearm that furthers The Fifth Circuit pattern doesn't have the intent you're asking for That in furtherance I think is wrapped up in the intent Knowing possession not just knowing possession knowing possession in furtherance I think the whole thing is I think all the intent is wrapped up in that requirement It can't just be knowing possession. It has that in furtherance of well, it can't be but that's what our pattern says It is you it seems to me you're asking for the extra center and I agree other circuits the Kent has suggested that My own reading of it is there's a Multi-factor test to to look at whether there's something in furtherance It may be that the subjective intent is part of that multi-factored intent But it isn't just purely a subjective. It's not objective. It's not subjective It's a mix of the two and it when I looked at your closing It looked like you were free and you aggressively argued that hey, the guy was just hunting He didn't have any intent to have these guns and furtherance of the extortion We know that it can't be just Knowing possession because that's what this court held in subiost Taurus back in 2000 and it said mere possession is not enough So we know that that that can't be just your possessions not enough You look at the whole context was the gun loaded. What type of gun was it? What's his explanation all of that's fair game and that's exactly what came in in this trial That is correct But the problem is in this case is there wasn't any kind of the only thing that linked that Possession to the firearm to the crime was theories by the government But beyond all of that the problem that we have is at the end of the day Maybe we could have said this is how the jury would have held the jury bought this theory But because of that jury instruction that told them they didn't have to prove that We will never know what the jury would have held. So even if the court wants to take that approach Then it doesn't matter in this case. The result is still the same That was something that the jury could consider Had they been told that they could consider it and we have to presume that the jury followed the court's flawed Instructions. So even if that is the rule that this court and its wisdom crafts It still amounts to a reversal in this case Because that freedom of choice was taken away from the jury. It was freely argued by you in closing though By the trial attorneys. Yes. Yes, sir. It was But at the end of the day, like I say it doesn't matter we have to presume that the jury followed the trial court's instructions But again, I don't I'm not seeing exactly why the instruction would be wrong They you aren't arguing that the government always has to prove subjective intent So what the district court was to clarify the government doesn't always have to prove that this individual Intended in his head to use this gun to further the crime It may be still that you can argue that among the whole set of factors or jury wouldn't believe the gun furthered the crime Well, certainly I is up to the jury to decide between an alternative theories of okay that are presented But why wouldn't why wouldn't this be a case where they came back? They were freely presented with the argument. It was all hunting That's not what the jury told that's not what the judge told the jury that the judge Specifically limited the government's burden of proof by saying if we rule your way Would that create a split for example the Sixth Circuit? The what is it the Brown decision? No that those decisions were done prior to the amendments and prior to the amendments of 924 c1a Which were done in 1999 all these other decisions were not even about this statute that was created Amendments were to respond to Bailey and to make it more comprehensive not less The amendments I don't believe were to make Bailey more comprehensive because whenever it was implying the imposing the amendments Congress said We don't even know if Bailey would be still found guilty under these amendments So I don't believe that that is is what their objective was but at the end of the day I really don't think it makes much of a difference Because all of those opinions were not discussing the specific intent of this provision So I mean it's theoretically impossible to say that this is going to be creating a split on A statute that didn't even exist at the time that these other decisions were handed down And we know that the Sixth Circuit it wouldn't be a problem with the Sixth Circuit in any event because in United States versus Mackey the Sixth Circuit Created a rule that's very much like the rule that we're asking the court to create and it's a rule that by the way would Be violated if the go if the circuit adopts the government's position The government likes to think of the statute as a 1 plus 1 equals 2 kind of requirement But that's not what it is You just can't simply have the fact that he knows that he has firearms on him and he knows he's engaging in a crime of Violence therefore he has violated the statute that doesn't work with Mackey Because in Mackey a later an opinion an example that was specifically later adopted by the Eighth Circuit in Kent The court said if a person has an antique firearm mounted on the wall, and he's dealing drugs out of the house that fact alone Is insufficient to meet the requirements of the statute? But under the rule the government proposes if you are dealing drugs out of a house where there's a firearm mounted on the wall then under the government's proposal that would violate the statute and Adopting that position the position that the government urges would create a circuit split accordingly. We asked the court to reverse. Thank you Thank you, mr. Clayton, and you've saved time for rebuttal Mr. Weimer did I pronounce that right? Yes, you did your honor. Thank you. Your honors. May I please the court? From the outset to answer a question that was raised recently neither the statute nor the pattern jury Instructions as they currently stand require specific intent The in furtherance clause is a nexus requirement that focuses on the firearms objective potential It is not a mens rea requirement that requires proof of a defendant subject In this particular case and we're not suggesting that that extra sentence be necessary in every case involving 924 C But in this particular case the defense argued from the outset that he did not that Smith did not intend to use the firearm in furtherance of the extortionate crime he argued specifically in opening and throughout the case that He did commit the extortion he admitted that he admitted that he knowingly possessed the firearms But he argued that he only brought the firearms along as a way to Conveniently get out of the house in other words to convince his wife that he was just going hunting as opposed to doing something That he didn't want her to know about and by raising that issue of intent He left a misimpression with the jury that the government had to prove that he intended from the outset To use those firearms in furtherance of this in store extortionate crime And that was a misimpression that the government wanted to correct with the jury via the jury instructions So in this particular case because of the unique one wasn't the statutory language sufficient just because of the s the Arguments that the defense made the statutes the statute while was extra language necessary in your view. Why wasn't the statute sufficient? The statute wasn't sufficient in this particular case because it doesn't Specifically state that the government doesn't have to prove intent It certainly doesn't state that the government has to prove intent But because with such vehemence the defense made that argument and left a misimpression with the jury that that was something I mean their entire case Rested on the contention that he did not intend to use those firearms in furtherance Well, that's not something the government has to prove. Well, the crime here is the extortion the demand Not going to pick up the money How is taking a firearm to pick up the money? When you've been hunting with it, you don't expect anybody to be there when you pick up the money How's that in furtherance of making the threat? Several circuits your honor have recognized that although all of the elements of a crime have been satisfied for purposes of Establishing an indictable offense The offense itself is ongoing for purposes of 924 C The Third Circuit the Second Circuit the Eighth Circuit all of them have recognized that Explicitly in the context of for instance bank robbery and they've all said when addressed with precisely that question That even after a defendant commits bank robbery and has established an indictable offense when he is fleeing If he uses a gun only during that flight phase of the offense that supports a 924 C conviction here it's even closer he hadn't even committed the Complete offense in the ordinary understanding of the term in the sense that he hadn't even picked up the money He had delivered the extortionate threats He had committed the elements of an indictable offense But he was on his way to pick up the money That was the proceeds from that extortion and it would it would really torture the common understanding of what a crime is to say that the crime was over even though he was on the way to pick up the proceeds and The crime was over but that the threat it the crime is is the threat and how is using Just logically It seems like you have to have some In furtherance of the crime you can't say well you just because you carry a firearm you can disconnect it In furtherance of means there's some Scienter there The Scienter that's necessary in this case is of course that he has to intentionally have committed the extortionate offense Which he did that he knowingly possessed the firearms that he which he did and then the nexus requirement is that the firearms were? Possessed in furtherance of the crime and here if we look at the factors that this court Articulated in Sebaeus Taurus, although that was a drug case many of them still apply here The the firearms furthered helped forward or advanced the crime because as he was going to pick up that money He encountered the very real possibility that the victim would be present He ordered the victim to drop the money off just one half hour before he went out to look for it So the idea that they would have crossed paths is extraordinarily likely Possibility here and there's the possibility of course that the victim would not have been alone that he would have brought some sort of backup friends family what have you Smith had the gun to come to Prepare for that eventuality had the victim been there He could have used the gun to intimidate the victim to threaten the victim further To ensure that the victim didn't have second thoughts and turn the money over to him He also had the gun available to him should anybody else have happened upon the money Why isn't all why aren't all these arguments just flushed for closing argument with the existing pattern? And it's sort of the flip of the same question I asked opposing counsel when I read the trial record in closing argument They fully and easily argued that he didn't intend to do anything, but hunt that was fully presented The jury may not have believed it But likewise it seems to me very strange that the government would ask for this extra sentence because when I read the bios It does have the language about a trafficker that just possesses a gun won't have the purpose that's necessary So so here let me frame that as a question when you ask the district judge to modify the pattern and add this sentence Did you give any law post amendment to support that sentence? I believe what they cited for the request was The Wilson case I believe if I recall correctly what they cited But there is a great deal of law post amendment that would support that Best in the best case is what post amendment from our court the best case is a purely objective test I would argue that the best case is sub ios and all of its progeny But sub ios and I'll just read the sentence that seems in tension with that nor will a drug trafficker engages in target shooting or hunting Likely violate the law by keeping a pistol for that purpose that is otherwise locked or inaccessible It just seems like it's a multi-factor test and several of the factors would be what did the defendant? Intend to do and I would argue that that sentence turns on the fact that the gun is locked and inaccessible When we're dealing with the drug crime, but it talks about the purpose It allows the defendant to present to the jury his purpose and my biggest worry with you besides deviating from the pattern is if we were to accept that with the government be able to file a motion in limine in future trials and say This defendant can't even mention to you jury that he was hunting. That's irrelevant as a matter of law No, I don't think we could say that I don't think we could file that motion But but the add-on is it is not necessary for proof the defendant intended to possess the fireman furtherance so I would see the government right away say well, you've amended the pattern and Pursuant to that we want to keep that out the facts that can support an inference about Infurtherance are different than what the law requires the government to prove and the First Circuit actually recognized that Explicitly in United States versus Felton. It recognized that objective factors can be Circumstantial evidence of intent and vice versa intent can be circumstantial evidence of objective ability, I see the law but how why doesn't this instruction negate that because the instruction allows the parties to Argue in favor of whatever Inferences the jury might draw from those objective You just use the word intent and you're the instruction says intent is irrelevant I'm I'm not following your argument intent is not is not irrelevant It's irrelevant with respect to the nexus requirement the in furtherance nexus requirement in that respect The two can be separated. I would point the court to a very similar statute 18 USC 922 G Which prohibits possession in or affecting interstate commerce and this court has explicitly held in the United States versus Rose That the nexus requirements in or affecting interstate commerce is not one that requires proof of intent And that's a very similar statute in construction to 924 C both in construction and in purpose It's a very similar statute, but in both cases the nexus requirement is separate from The possession requirement which does require intent and the nexus requirement does not require intent and the court has been very explicit in the United States versus Rosen in several other cases with respect to 922 G with respect to 924 C The in this court has been rather explicit prior to the amendments With respect to the very similar nexus requirement. I don't understand your answer to judge Higginson's question Why would not why wouldn't you argue that you it's irrelevant that he'd been hunting? Because that has nothing to do with the nexus requirement. The jury should not be able to hear evidence about that because the jury has to understand has to Consider whether or not the gun Furthered the offense and if he truly were only all you would look at would be the offense not what he was doing Just prior to that. What's that? To me your argument does not square with what? well, I think The sequence of events is important here If in fact he had been if he had conceded that he was hunting prior to the offense and then ended his hunting trip with the guns Went and looked for the money With the intent to have those guns for self-protection while he was looking for the money if he conceded that much then the hunting would Be irrelevant, but he didn't concede that his claim was that he was hunting throughout that Brought his son that he only brought the guns along for the purpose of hunting that he had no intention to use those guns during the Search for the money and in fact that that was just an incidental thing that you're saying his intent To use the guns in to search for the money is irrelevant So why would that evidence come in whether or not he intended to use the guns in furtherance of the offense? Is not something the government has to prove It can be circumstantial evidence of whether or not the nexus is requirement is The nexus requirement is satisfied the the First Circuit recognized that in United States versus Felton. They said that even Even if we pursued and the First Circuit has not decided this issue in fact They explicitly stated in United States versus Felton that they're not going to decide whether this is a subjective intent requirement or an objective Potential requirement because in that particular case the evidence That's that's an approach your honor But again as the First Circuit recognized in Felton that evidence could be considered by a jury If we're looking at the objective potential in fact in Felton In Felton the court said specifically that Quote if the tests were strictly objective and focused on the firearms capacity to advance the crime The defendants confessed purpose to use it would be evidence of feasibility So they're saying that even if we have a purely objective test the defendants and intent in this case intent Achieved by a confession that intent is still evidence of feasibility Which would be an objective consideration so we believe they can make the argument that He intended to use the guns purely for hunting that might go to the objective issue of feasibility Whether or not the jury buys that argument It's it's up to the first circuit that the Felton case followed their pattern instructions Which have extensive comments and those comments embrace our sub ios decision But in embracing it they say this is subjective and objective they all come into play and so I'd see the the sort of predicament we're in is It seems to me or maybe that the instruction add-on the government got is veering further towards objective only But I'm not convinced by opposing counsel that we should make this a specific intent add-on either Pattern to me look pretty darn good as it was allowed everybody to argue everything subjective and objective so what do we do if we have this sentence that's Some of us may be seeming too objective, but we aren't in agreement with opposing counsel's argument We should clarify its specific intent. How do we analyze the instructional? Circumstance here. I Think in this particular case, there was a unique argument made throughout the crime throughout the trial about intent that Necessitated this add-on to clarify a misimpression that have been left with the jury. That's not going to be the case in most Circumstances, so the patterns are you have where the government can get add-ons to do its work for us as to Impressions where you didn't object on an evidentiary ground. So the evidence is there the jury can draw inferences You can't correct them. I don't can't think of a case that allows you to get an instruction at that point It wasn't a factual Misimpression left with the jury. It was a legal misimpression left with I think I understand your argument I guess what I'm asking is are you saying even if that sentence isn't correct or an appropriate revision of the pattern? Hereafter that it would be harmless. Have you made any harmlessness argument in this case? We haven't briefed a harmlessness in our argument your honor But I do believe a harmless argument would apply here of course because the evidence was overwhelming and whether you're looking at subjective intent or objective potential as Again as the First Circuit recognized in Felton the same set of facts lead to the same set of conclusions in either direction Here This court is recognized on many occasions that the district court has broad latitude in crafting jury instructions Of course the jury instructions have to be an accurate statement of law And of course our contention is that this instruction was an accurate statement of the law Whether or not that particular add-on would be necessary in every case we don't contend that it would be it was simply a unique situation here to address a very narrow argument and it's it's important to Remember that the defendant was not defending across the board in this case. He conceded that he committed the extortionate offense In fact, he had already pled guilty to that offense. He conceded that he knowingly possessed the firearms He conceded that he had the firearms knowingly with him while he was out looking for the money so the only issue here was whether he intended to use those firearms in furtherance of the extortionate crime and because the defense raised that issue and Suggested that the government had to prove that he intended to use the firearms What if the gun what if there'd only been one gun and it were a hunting rifle and it were unloaded in the car? Would you still get that instruction? Jury, you don't the government doesn't need to prove the defendant intended to possess the firearm in furtherance of the crime Because then it would look like to me they might convict him on the pure hunting rifle in the back of the car Based on that sentence would that be an appropriate conviction? I think we'd have a different problem if that were the circumstances I think if he only had one hunting rifle in the back of the car and the evidence were such that he was in fact out hunting before looking for the And left the gun in the car while he went out to look for the money I think we'd have a factual scenario that simply made it harder to convict him and they could certainly argue Whether we're looking at an objective test or a subjective test this gun in the back of the car did not further the offense He left it in the car while he went to look for the money. He was genuinely hunting beforehand That's what the gun did come out with any questions where they can is there any evidence in the record? They were confused by Did the jury ask any questions I don't believe they did your honor and it was a fair it was a fairly quick conviction Whatever the court reads into that what I heard you just say is that the whole point of the trial was to determine if he? Had the intent to use the firearm in furtherance of the crime And then you just said but the government didn't have the proof didn't have to prove that he had the intent To use the gun in furtherance to the crime. Why didn't the government have that burden of proof if that's the sole issue? Logically I you you're confusing me the government's burden was to prove that the firearm Objectively further the crime that was our legal burden you've got you use the word intent in your argument I did and I was referring to the argument that the defendant made The defendant said the only issue in the trial was to determine if he intended to possess Firearms in furtherance of the crime, and I apologize said the government doesn't have doesn't have the burden to prove that he intended to possess So what was? We do have to prove that he intended to possess we have to prove that he knowingly possessed the firearm That's that's actually absolutely a requirement, but there was no evidence of the crime We do not have to prove that he intended the firearm to further the crime He made that argument, and I apologize if I worded it He made the argument from the outset that we did have to prove that we disagree and we argued that The firearm objectively furthered the crime we also asked for a jury instruction to clarify that legal distinction But the factual issue that the government introduced evidence about was whether or not the firearm Objectively furthered the crime and the evidence to support that was that he had a firearm in his waistband while he was looking for the money in order to Deal with any circumstances that may come up for instance the victim being present on the scene law enforcement arriving other Individuals coming we're talking about half a million dollars that he's expecting to find in a remote location And that firearm was on his waistband in order to allow him to obtain or defend that money or any other circumstance that might arise in Common expectation when one is dealing with such a large sum of cash At the conclusion of an extortionate. What do you do with with Miss Clayton's hypothetical about an antique firearm? On the wall she says that your argument would extend even today I don't believe it would your honor and this court has been Clear that an antique firearm on the wall that is not in a usable condition would not further offense. We would agree that is an objective consideration an antique firearm that can't be used that doesn't by its nature present any kind of intimidation or threat or Threat of the use of force because it's an antique firearm hung on the wall and someone's not going to perceive that as a threatening object By an objective analysis that does not further an extortionate offense. It doesn't afford their Rifle under a bed that's in three pieces This court has held I believe it was United States versus Charles in a very similar scenario that that would satisfy Yeah, I believe in the United States if my site is correct United States versus Charles We had a firearm that was disassembled in a storage locker It has to be said not usable condition So explain to me how the antique firearm what mounted on the wall? That's not usable as different from a rifle that's in three pieces That's not loaded and in the United States versus Charles this court found and I apologize if I'm misremembering the site But but the facts of the case, I believe I'm remembering correctly. It's cited in our briefs that case This court found that a disassembled firearm that could be easily reassembled That was also located near drugs in a storage locker was Possessed in furtherance of defense an antique firearm is a different thing because it can't be easily rendered Well, that would be a fact for the jury to consider and if it were an antique that were usable Then it would be a different scenario than the one that the court articulated in sub ios These are all in sub ios the court articulated eight broad factors to consider specifically in the context of 924 C and drug dealing Which is a little bit different than than what we're dealing with here But those factors would be ones that one could consider when one's looking at an antique firearm that's stored Whether it's usable whether it's accessible whether it's loaded. That was a factor that they Specifically articulated These are all objective factors that the court and the jury can consider in determining whether or not Objectively the firearm furthered the offense. All right. Thank you. Mr. Why thank you very much your honors Miss Clayton you save time for a bell Here's the problem with the government's position It takes the power out of the hands of the jury It additionally essentially writes out the in furtherance of requirement From the statute and from the pattern jury instruction That's the tension that this court I believe feels with the government's position It cannot be mere possession It cannot be mere possession at the time of the crime. It has to be possession in furtherance of If we were to adopt an objective test There wouldn't be any harm in the instruction. Is that correct? I Think there's still Harm in that instruction because that instruction is the opposite of what the statute says and I think that to to Rebut what the government's contention is the evidence in this case was not Overwhelming every single theory that the government provided to explain to somehow connect those firearms to that threat was theoretical and It was either not supported by the evidence or flatly contradicted by the evidence But you know what at the end of the day when you say everything was contradicted when he's walking towards them. What's the gun he has? When he's with mr. Smith at the he doesn't have a gun on him except for the firearm. That's on his hip He was holding a spotlight. No that gun the gun that he did have on him on his hip What type of gun was it? It was just his handgun a pistol. I don't know the type Did he testify he hunted with that pistol? No, it was that pistol loaded. I don't know I believe it was there was testimony that that was the firearm that he carried on him Consistently every single day and that he had for the past eight years What about you didn't file a reply brief so so if I'm not mistaken What about the arguments that Felton in the First Circuit is consistent with how the pattern and the add-on was submitted here? Felton is not consistent with that pattern because I'm sorry with the instruction in this case because this instruction was the exact opposite of what The statute in the pattern say but to the extent that the court chooses to adopt some kind of analysis that Has both objective and subjective Yes factors in it. I think that in the context of this case, we would still prevail and I think At least that would in some way speak to a specific intent if you have both subjective and objective Factors that you're considering and if this court in its wisdom thinks that thinks that that is a fair test Then I still think that we would win because of the flawed jury instruction at the core of this case I guess the nuance he's trying to say is the fifth the seventh the First Circuits all do embrace that that it is The gun is in furtherance if a mix of objective and subjective factors can show furtherance of the crime and So that add-on Correctly would say the government doesn't have to prove specific intent not in the statute not in the pattern But it doesn't exactly say you can't still argue that the whole set of multi factors. We identify in sub ios Including the state of mind of your client are relevant to assessing whether Objectively a gun is contributing to the car That add-on by the trial court. Yeah Does not do that that add-on by the trial court? Takes away objective intent completely. It says it is not necessary to prove that he possessed the firearms Furtherance of his crime. Well, it says he doesn't not necessarily prove he intended to possess so it's saying subjectively Doesn't have to prove what's in the mind of this man? But it's still the pattern saying you have to find this gun furthered it and in connection with whether a gun furthers You may consider all factors including the state of mind of the individual I think that's sort of what they were trying to circle around to it may have it may have been but that's not what the It's just not what it says No matter what way you analyze this case no matter what kind of? What kind of rules this court crafts and its interpretation of this statute at the end of the day? everything comes back to What the trial court told the jury and what the trial court? Told the jury with the opposite of what the statute says with the opposite of what this court's pattern jury instructions are Accordingly, we ask the court to reverse the conviction and remand it for further proceedings in the court below. Thank you All right. Thank you. Miss Clayton. Your case is under submission We noticed that your court appointed and the court wishes to thank you for your willingness to take the appointment for your good work on behalf of